**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-137-DLB-CJS**

**CITY OF COVINGTON**                                                                 **PLAINTIFF**

**v.**                                        **<u>REPORT AND RECOMMENDATION</u>**

**TRISTATE NOAH PROJECT, INC.**                                         **DEFENDANT**

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on Motion to Remand to Kenton Circuit Court (R. 5) filed by Defendant Tristate Noah Project, Inc. ("TNP") on April 24, 2026.  Plaintiff City of Covington ("the City") did not file a response, and the time to do so has expired.  *See* LR 7.1(c) ("Unless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion").  The matter is ripe for the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b).  For the reasons below, it will be recommended that the Motion **be granted** and this action **be remanded** to Kenton Circuit Court.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The City initiated this action against TNP in Kenton Circuit Court on April 21, 2025.  (*See* R. 1 at Page ID 1 ¶ 1).  TNP, a non-profit corporation, owns a property that sits in Covington, Kentucky.  (R. 1-1 at Page ID 5 ¶ 3).  In the Complaint, the City alleges that TNP's property is in general disrepair and has been cited for numerous code violations, and that nearby residents have reported "the smell of death" and cat urine emanating from the residence.  (*See id.* at Page ID 5-10).  As a result, the City seeks an injunction pursuant to Kentucky law and a relevant Covington Ordinance requiring TNP to abate any code violations, nuisances, or health and safety hazards at the property.  (*See id.* at Page ID 11).

The state court docket reflects that TNP was served with process on April 30, 2025. *See City of Covington v. Tristate Noah Project, Inc.*, No. 25-CI-00854, Kenton Circuit Court, Kenton County, Kentucky (Summons – Return of Service filed on 05/01/2025). On May 20, 2025, TNP moved in state court to dismiss the Complaint for failure to state a claim. (*See* R. 1-2). On February 26, 2026, after the parties submitted their briefs, the Kenton Circuit Court denied the motion to dismiss. (*See generally id.*).

On March 16, 2026, TNP filed its Answer, Affirmative Defenses, and Counterclaim in state court. (*See* R. 1-3). In its pleading, TNP states it is one of the largest community cat caretakers in Covington, Kentucky. (*Id.* at Page ID 81 ¶ 4). TNP alleges that it is authorized under a "trap-neuter-return" program (codified in the Covington, Kentucky Code of Ordinances) to provide food, water, shelter, and medical care to stray cats. (*Id.* at Page ID 81). As counterclaims, TNP avers that the City enforced its Code in a discriminatory and retaliatory way to force TNP to abandon the subject property. (*Id.* at Page ID 82-83). TNP seeks declaratory judgment based on claims under the Constitutions of the United States and Kentucky as well as a common law claim of detrimental reliance. (*Id.* at Page ID 84-91).

On March 27, 2026, the City, as Plaintiff and Counter Defendant, removed the action to this Court on the basis of federal question jurisdiction. (*See* R. 1 at Page ID 1 ¶ 5). Specifically, the City alleges this Court has original jurisdiction over TNP's § 1983 counterclaims and supplemental jurisdiction over TNP's other counterclaims. (*Id.* at Page ID 1-2 ¶¶ 5, 6). Conspicuously, the City does not reference this Court's jurisdiction over any of its claims. (*See generally id.*). On April 6, 2026, the City filed its Answer in this Court to TNP's Counterclaims. (*See* R. 3).

On April 24, 2026, TNP filed its Motion to Remand to Kenton Circuit Court.  (*See* R. 5). In its Motion, TNP argues that the City did not have authority to remove this action from state court.  (*Id.* at Page ID 112-114).  TNP also argues that, because no federal claims appear in the Complaint, this Court lacks original jurisdiction over the action.  (*Id.* at Page ID 114-115).  The City has not filed a response, so the Court considers the Motion to be unopposed.  *See* LR 7.1(c). This matter is ripe for a Report and Recommendation.

## II.    ANALYSIS

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Importantly, a non-removing party can move to remand a case to state court if the action was improperly removed to the district court.  *See* 28 U.S.C. § 1447(c).  Motions challenging removal defects other than subject matter jurisdiction must be filed within 30 days of removal.  *See id.*  This action was removed on March 27, 2026 (*see* R. 1), and the instant motion was filed on April 24, 2026 (*see* R. 5).  Consequently, to the extent TNP challenges this action's removal on procedural grounds, the instant motion was timely filed.

### A.    The City is Not a "Defendant" for Removal Purposes

In its Motion to Remand, TNP argues this action should be remanded because the City, a counter defendant, is not a "defendant" contemplated under the removal statute, and therefore, it could not properly remove this action.  (*See* R. 5).  On this point, TNP is correct.  In 1941, the Supreme Court held that plaintiffs/counter defendants cannot remove a case from state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-05 (1941); *see also Boston Fin. Grp., LLC v. Clemmens*, 71 F. Supp. 3d 711, 713 (W.D. Ky. 2014) ("Quite simply, courts have held for

3

over [8]0 years that 'a counterclaim . . . defendant is not a "defendant" who may remove the action to federal court.'" (quoting *In re Mort Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012))). Where, as here, a plaintiff/counter defendant removes the action and the non-removing party timely challenges the removal, remand is proper. *See, e.g.*, *Clemmens*, 71 F. Supp. 3d at 713-14. Accordingly, it will be recommended that the Motion to Remand be granted.

> **B.      This Court Lacks Original Jurisdiction**

TNP also argues remand is warranted because this Court lacks original jurisdiction over the case. (*See* R. 5). Again, TPN is correct. Relevant here, federal courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Congress has conferred on federal district courts original jurisdiction over federal question cases, *see* 28 U.S.C. § 1331, and diversity of citizenship actions, *see* 28 U.S.C. § 1332, and neither are present in this action.

As to federal question jurisdiction, Congress vested in federal district courts "original jurisdiction over all actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. And to assess whether an action "arises under" federal law, federal courts rely on the "well-pleaded complaint rule." *See, e.g.*, *Warner v. Trifecta Ventures, LLC*, No. 6:24-cv-82-GFVT, 2024 WL 5186926, at *2 (E.D. Ky. Dec. 20, 2024) (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007)). This rule provides that "federal jurisdiction generally exists 'only when a federal question is present on the face of the *plaintiff's* properly pleaded complaint.'" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 692 (1987) (emphasis in original)).

In its Notice of Removal, the City directs the Court to TNP's § 1983 counterclaims. (*See* R. 1). But the Supreme Court has held federal question jurisdiction *cannot rest* upon a counterclaim. *Holmes Grp.*, 535 U.S. at 831 ("It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").[1] Consequently, this Court does not have federal question jurisdiction. *See, e.g.*, *AmeriHome Mortg. Co., LLC v. De Jesus*, No. 5:25-cv-277-GFVT, 2026 WL 868183, at *3 (E.D. Ky. Mar. 30, 2026) (holding that the assertion of federal counterclaims did not confer federal question jurisdiction (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1968); *Holmes Grp.*, 535 U.S. at 831)).

Diversity of citizenship jurisdiction is equally unavailing in the instant case. Again, by statute, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). Through its Answer, TNP represents that it is a non-profit corporation organized under the laws of Kentucky and with its principal place of business in Covington, Kentucky. (R. 1-3 at Page ID 66 ¶ 3). Therefore, TNP and the City, a Kentucky city, are both citizens of Kentucky, meaning diversity of citizenship is not present to support the exercise of the Court's original jurisdiction. *See, e.g.*, *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (holding that the City of Saginaw, Michigan, was a citizen of Michigan for the purposes

---

[1] The Supreme Court's analysis in *Holmes Group* was centered on 28 U.S.C. § 1338(a), not § 1331. *See* 535 U.S. at 830. However, the same test governs jurisdiction under both provisions. *Id.* at 829-30.

of diversity jurisdiction). Because this Court lacks any basis for original jurisdiction, it will be recommended that the Motion to Remand be granted.

## III.    CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

1)    the Motion to Remand to Kenton Circuit Court (R. 5) **be granted;** and

2)    this action **be remanded** to the Kenton Circuit Court for all further proceedings, and **stricken** from this Court's active docket.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn,* 728 F.2d 813, 814-15 (6th Cir. 1984), *aff'd,* 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard,* 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy. Fed. R. Civ. P. 72(b)(2).

Dated this 2nd day of July, 2026.



Signed By:

*Candace J. Smith*

United States Magistrate Judge

G:\Judge-CJS\DATA\Orders\civil cov\2026\26-137-DLB-CJS R&R to remand.docx